1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6

7   **NICHOLAS THANOS, M.D.**,                Case No.  15-cv-03616-YGR
                    Plaintiff,
8
9        v.                                **ORDER GRANTING DEFENDANT'S MOTION
                                           TO TRANSFER; DENYING MOTION TO
10  **UNUM LIFE INSURANCE COMPANY, DOES 1-   DISMISS WITHOUT PREJUDICE**
    50**,
11                                         Re: Dkt. Nos. 6, 7
                    Defendant.

12          Plaintiff Nicholas Thanos instituted this bad faith insurance action against defendant Unum

13  Life Insurance Company, claiming defendant improperly stopped payment on several disability

14  insurance policies he held.  Presently before the court is defendant's motion to transfer to the

15  Central District of California pursuant to 28 U.S.C. section 1404(a).  (Dkt. No. 6, "Mtn.".) [1]

16          Having carefully considered the papers submitted, and good cause shown, the Court

17  hereby **GRANTS** defendant's motion to transfer. [2]

18  I.      **BACKGROUND**

19          Plaintiff Nicholas Thanos purchased several disability income replacement insurance

20  policies from defendant.  (Dkt. No. 1-1, Complaint, ¶ 10.)  Plaintiff paid all policy premiums and

21  at all times performed the necessary duties required of him under the relevant policies.  (*Id*. ¶¶ 10,

22  12.)  On July 3rd, 2009, plaintiff slipped and fell, injuring his neck.  (*Id*. ¶ 14.)  The resulting neck

23  injury forced plaintiff to reduce his work hours from sixty (60) hours per week to approximately

24  _____

25          [1] Defendant also filed a motion to dismiss and/or strike plaintiff's complaint.  (Dkt. No. 7.)
    Because the court finds transfer appropriate, the motion to dismiss is **DENIED WITHOUT**
26  **PREJUDICE** to refiling upon transfer in the Central District.

27          [2] The Court finds defendant's motion to transfer appropriate for decision without oral
    argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.
28  Accordingly, the hearing set for October 6, 2015 is hereby **VACATED**.

*United States District Court*
*Northern District of California*

twenty-four (24) hours per week.  (*Id.* ¶¶ 19-20.)  Plaintiff, therefore, sought payment of benefits to compensate for his lost income.  (*Id.* ¶¶ 18, 21, 30.)  Defendant initially paid some benefits, but ceased payment on November 1, 2012.  (*Id.* ¶¶ 21, 28.)  Plaintiff claims he is owed outstanding benefits on the policies and instituted this action for damages based on breach of contract and breach of the covenant of good faith and fair dealing.  (*Id.* ¶¶ 31-52.)

Plaintiff originally filed this action in San Francisco Superior Court, and defendant subsequently removed to the Northern District of California on grounds of diversity jurisdiction. (See Dkt. No. 1, Notice of Removal, "NOR.")  Defendant now seeks to transfer the case to the Central District of California because plaintiff is a resident of the Central District and many of the potential witnesses in this case reside in the Central District, including plaintiff's treating physicians, employees, and family members.  Plaintiff does not dispute these compelling facts, but opposes transfer, primarily on the grounds that he chose this venue because his attorneys are located here in the Northern District.

## I.   TRANSFER UNDER 28 U.S.C. SECTION 1404(a)

### A.   Legal Standard

Transfer under 28 U.S.C. section 1404(a) is proper where, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  Courts considering transfer must first determine whether the action could have been brought in the target district in the first instance.  *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  The action could have been brought in a district that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue would have been proper.  *See id.*

If the action could have been brought in the target district, courts then undertake an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen,* 376 U.S. at 622) (internal quotations

2

omitted).  In conducting this step of the analysis, the district court has broad discretion in deciding whether to grant transfer.  *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000).  Relevant factors the Court may consider include:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Jones*, 211 F.3d at 498-99 ("A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination [of] whether transfer is appropriate in a particular case." (citing *Ricoh Corp.*, 487 U.S. at 29)).  This list is non-exclusive and courts may consider other factors.  *See Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) (noting that this list of factors "does not exhaust the possibilities" and highlighting differing combinations of factors used by courts in conducting this analysis).  The moving party carries the burden to show that the transferee district is the more appropriate forum.  *Jones*, 211 F.3d at 499.

### B.  Analysis

#### 1.  This Action Could Have Been Brought in the Central District of California

Plaintiff does not dispute that this action could have been brought in the Central District. First, the Central District, like this district, has subject matter jurisdiction over the instant action based on diversity of citizenship.  (*See* NOR at 2:12-5:15; 28 U.S.C. §1332.)  Second, the defendant is subject to specific personal jurisdiction throughout California in connection with this case, having purposefully directed its relevant activities within the state.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  Third, venue would have been proper in the Central District at the time this suit was filed because a substantial part of the events or omissions relevant to this case occurred there.  28 U.S.C. § 1391(b)(2); *Kaia Foods, Inc. v. Bellafiore*, 70 F.Supp.3d 1178, 1184 (N.D. Cal. 2014).  For all of these reasons, step one in the analysis is satisfied.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

### 2.      Convenience and Fairness Factors Weigh in Favor of Transfer

The Court now moves to the second step of the analysis and considers the relevant convenience and fairness factors, namely: (a) plaintiff's choice of forum, (b) convenience to the parties, (c) convenience to witnesses, and (d) ease of access to the evidence.[3]  The Court addresses each in turn.

### a. The Plaintiff's Choice of Forum

While a plaintiff's choice of forum always weighs against transfer under section 1404(a), a court considering transfer must determine how much weight to give this choice under the circumstances.  *See, e.g., Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F.Supp.2d 1151, 1156-57 (N.D. Cal. 2009); *Getz v. Boeing Co.*, 547 F.Supp.2d 1080, 1082-83 (N.D. Cal. 2008).  Generally, a plaintiff's choice of forum is entitled to considerable weight and a defendant must make a strong showing of inconvenience to warrant upsetting this choice.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d at 834, 843 (9th Cir. 1986).  However, the plaintiff's choice is given less deference where, as here, the plaintiff is not a resident of the district and the operative facts did not occur in that district.  *See Vu*, 602 F.Supp.2d at 1156.  Plaintiff resides in the Central District and the operative facts occurred there.  *See Vu*, 602 F.Supp.2d at 1156-57 (giving "considerably less weight" to plaintiffs' choice of forum where plaintiffs resided in and the operative facts also occurred in the target district).  Accordingly, plaintiff's choice of forum is entitled to little deference under the circumstances.

Plaintiff contends that, although he does not reside in the Northern District, the Court should nonetheless defer to his choice of forum because he was unable to locate counsel with the requisite expertise in the Central District.  Plaintiff claims he was only able to locate qualified counsel in San Francisco, and that this case should remain in the Northern District out of

---

[3] The parties also addressed the relative local interests of the Northern and Central Districts.  The Court finds that this factor is, at most, neutral.  This case generally implicates California insurance law, in which the Central and Northern Districts have equal interests.  Although the dispute involves a resident of the Central District suing over disability insurance policies created and delivered in the Central District, the defendant who allegedly breached them is not a resident of either forum.  Thus, the Central District's interest is not great enough to weigh against plaintiff's choice of forum.

convenience for his counsel and in the interest of saving litigation expenses.  Convenience of the parties' attorneys, however, is not an appropriate factor for courts to consider when ruling on a motion to transfer.  *Vu*, 602 F. Supp. 2d at 1156-57.  Because plaintiff does not reside in the Northern District, and his attorneys' convenience is irrelevant under the transfer analysis, the Court finds that this factor does not weigh against transfer.

### b. Convenience of the Parties

"Convenience of the parties is an important factor to consider for transfer of venue." *Flint v. UGS Corp.*, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007).  In this case, the Central District will be a more convenient forum for plaintiff because he resides there.  Indeed, plaintiff's counsel recently represented to defense counsel that the Southern Division of the Central District would be most convenient for plaintiff.  (Dkt. Nos. 16-1, 16-2) (Santa Ana "would be *most convenient* for the Plaintiff and his witnesses") (emphasis supplied).[4]  Plaintiff argues in opposition that both districts are equally convenient for defendant.  This argument does not persuade in light of the undisputed fact that neither party resides in the Northern District. Moreover, courts in this District have recognized that transfer is less inconvenient for plaintiffs at the outset of litigation.  *See U.S. ex rel. Swan v. Covenant Care Inc.*, 1999 WL 760610, at *3 (N.D. Cal. Sept. 21, 1999) ("Plaintiffs will not be inconvenienced by a transfer of the action at this point because the litigation is relatively young, and this court has not yet become greatly involved in this litigation.").  This litigation is still in its infancy, as the pleadings are not yet settled.  The Court finds that this factor favors transfer.

### c. Convenience of the Witnesses

The relative convenience to the witnesses is the most important factor in a section 1404(a) analysis, and the convenience of non-party witnesses is more important than the convenience of the parties.  *Clark v. Sprint Spectrum L.P.*, 2010 WL 5173872, at *3 (N.D. Cal. Dec. 15, 2010).  In that regard, the convenience of a party's employee witnesses is entitled to little weight because

---

[4] On a motion to transfer, the Court may consider factual submissions from a moving defendant, such as declarations. *Cadenasso v. Metropolitan Life Insurance Co*., 2014 WL 1510853, at *2 n. 2 (N.D. Cal. Apr. 15, 2014).

United States District Court
Northern District of California

1   they can be compelled by their employers to testify regardless of venue.  *See STX, Inc. v. Trik Stik,*

2   *Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (noting that the convenience of a party's employee

3   witnesses "must be discounted" in the analysis).

4         The parties agree that many of the witnesses who will likely be called in this case are

5   located in the Central District.  For example, plaintiff's treating physicians, family, and employees

6   all reside in the Central District, not the Northern District.  As cited above, plaintiff's argument

7   that this factor should be neutral to the extent defendant's employees are out of state carries little

8   weight.  Because plaintiff has not pointed to any nonparty witness in this case located outside of

9   the Central District, this factor also favors transfer.

### d. Ease of Access to the Evidence

11        The location of evidence may be an important factor in a convenience and fairness analysis

12  under section 1404(a).  *Vu*, 602 F. Supp. 2d at 1156.  Where the evidence is in electronic form,

13  this factor is neutral or carries only minimal weight.  *See, e.g., Sarinara v. DS Waters of Am. Inc.*,

14  2013 WL 3456687, at *2 (N.D. Cal. July 9, 2013) (finding ease of access to evidence to be a

15  neutral factor "given the availability of digital records"); *Friends of Scot., Inc. v. Carroll*, 2013

16  WL 1192956, at *3 (N.D. Cal. Mar. 22, 2013) ("with technological advances in document storage

17  and retrieval, transporting documents does not generally create a burden").  Here, the bulk of the

18  evidence in this case is already in digital form, and already in the possession of plaintiff's counsel.

19  Thus, the location of the evidence is neutral in this case.

### e. Balancing the Discretionary Factors

21        For these reasons, all of the fairness and convenience factors favor or are neutral to transfer

22  to the Central District.  Here, as in *Vu*, plaintiff's choice of forum is entitled to little deference

23  because he resides in the Central District.  *See Vu,* 602 F.Supp.2d at 1155-57 (granting defendant's

24  motion to transfer).  The Central District is more convenient for the parties and witnesses.  *Id.*  The

25  events giving rise to plaintiff's claim occurred in the Central District.  *Id.*  Finally, either forum is

26  equally convenient for the out-of-state corporate defendant.  *Id.*  As was also the case in *Vu*,

27  plaintiff's only connection to this District appears to be the location of his chosen counsel.  *Id.*

28  Because "the location of plaintiff's counsel is not an appropriate factor for the Court to consider

United States District Court
Northern District of California

6

when deciding a motion to transfer," this alone is insufficient for this action to remain the Northern District. *Id*. at 1157. Based upon the foregoing, the Court concludes that transfer will serve the convenience of the witnesses and promote the interests of justice. *See id*.

**II.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the defendant's motion to transfer this action to the Central District of California. Defendant's motion to dismiss and to strike is **DENIED WITHOUT PREJUDICE** to refiling upon transfer.

This Order terminates Docket Numbers 6 and 7.

The Clerk is directed to transfer the file in this case to the Central District of California.

**IT IS SO ORDERED.**

Dated: October 2, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California