O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICHOLAS THANOS, M.D., | ) | Case No. CV 15-07902 DDP (GJSx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO DISMISS** |
| | ) | **AND/OR STRIKE PLAINTIFF'S** |
| v. | ) | **COMPLAINT** |
| | ) | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) | [Dkt. No. 23] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the Court is Defendant Unum Life Insurance Company of America's ("Unum") Motion to Dismiss and/or Strike Plaintiff's Complaint. (Dkt. No. 23) After considering the parties' submissions, the Court adopts the following Order.

**I.  BACKGROUND**

This insurance coverage case arises out of Plaintiff Dr. Nicholas Thanos's disability insurance contracts with Defendant Unum. Plaintiff is a gynecological surgeon specializing in female urology and pelvic reconstructive surgery. (Compl. ¶ 11.) On July 3, 2009, Plaintiff "fell and suffered debilitating personal injuries," including fracturing his T10 vertebrae and incurring nerve damage to his right lateral femoral cutaneous nerve. (Id. ¶¶

14-15.) Before the accident, Plaintiff worked "over sixty hours per week in his practice" and performed multiple surgeries every week. (Id. ¶ 19.) After the accident, Plaintiff did not return to work until July 27, 2009, when he began working a reduced schedule of "approximately 24 hours per week" and "one complex surgery" per week. (Id. ¶ 16-20.)

Plaintiff alleges his disability is permanent and his activities and work "are greatly restricted as a result of his pain and injuries." (Id. ¶ 22.) Plaintiff has been "fitted with a metal brace in an attempt to stabilize his back" and his physician "recommended a bone simulator and prescribed human growth hormone" for his injuries. (Id. ¶ 23-24.)

Plaintiff has four long-term disability insurance policies with Unum: (1) Policy LAN596341 entered into on February 20, 1979; (2) Policy LAN652541 entered into on November 24, 1981; (3) Policy LAN724031 entered into on February 20, 1985; and (4) Policy LAD022189 entered into on July 7, 1987. (Id. ¶ 9-10; Ex. A.) The first three policies only cover total disability and the latter one (LAD022189) covers both total and residual disability. (Id. Ex. A; see also Mot. Dismiss at 2-4; Opp'n at 3.)

After his fall, Plaintiff filed a claim with Unum for total disability benefits under his policies. (Compl. ¶ 28.) From February 2010 to October 2012, Plaintiff alleges he wrongfully only received partial disability benefits under his policies, which were "offset by his earned income." (Id. ¶ 21.) Plaintiff maintains that he was entitled to total disability benefits during this period, as well as after this time. (Id. ¶ 21, 25-28.)

Plaintiff alleges that Defendant denied his claim for total disability benefits "despite the fact that they are aware that he cannot perform the substantial and material duties of his occupation that he was performing at the time he was disabled in the usual and customary manner or with reasonable continuity." (Id. ¶ 25.)  Plaintiff states that Unum has demanded additional information from him regarding his financial condition since 2010, but Plaintiff alleges such information "has no relevance to eligibility for total disability benefits."  (Id. ¶ 26.)  Plaintiff alleges that Defendants "denied and continue to deny" his total disability claims "by applying the incorrect definition of total disability" under California law.  (Id. ¶ 27.)

In Plaintiff's Opposition to Defendant's Motion, Plaintiff alleges further facts relating to Plaintiff's insurance claim process that are not present in the Complaint.  (See Opp'n at 4-5.) These facts are set forth in the Declaration of Plaintiff's Attorney, Eric Whitehead, attached to Plaintiff's Opposition. (Dkt. No. 29.)

Plaintiff originally filed his lawsuit against Unum on July 7, 2015, in the California Superior Court for the County of San Francisco.  (Notice of Removal, Ex. 1, Dkt. No. 1.)  On August 7, 2015, Defendant Unum removed the case to the Federal District Court in the Northern District of California.  (Dkt. No. 1.)  Defendant then filed a Motion to Transfer the case, as well as a Motion to Dismiss.  (Dkt. Nos. 6, 7.)  In October 2015, the Northern District Court granted Defendant's Motion to Transfer, which transferred the case to the Central District.  (Dkt. No. 18.)  Thereafter, Defendant refiled its Motion to Dismiss.  (Dkt. No. 23.)

Plaintiff's Complaint alleges two causes of action: (1) breach of contract and (2) breach of the covenant of good faith and fair dealing ("insurance bad faith"). (Compl.)

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss requires a court to determine the sufficiency of the plaintiff's complaint and whether it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

In order to survive a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Dismissal is proper if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the

4

appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**III. ANALYSIS**

Defendant argues the Court should (1) dismiss Plaintiff's breach of contract claims for all four policies because the claims are barred by the statute of limitations and Plaintiff has no legal basis for seeking total disability benefits; (2) at least strike all references to total disability benefits under the four policies from the Complaint because there is no legal basis for such benefits; and (3) dismiss Plaintiff's cause of action for breach of the covenant of good faith and fair dealing and punitive damages request because the claim is barred by the statute of limitations. (Notice of Mot. Dismiss at 2.)

Defendant attaches four exhibits to its motion in support of its arguments, the most important being Exhibit 4, a March 4, 2011, letter from Defendant to Plaintiff denying Plaintiff's claim for total disability benefits and accepting a claim for residual disability benefits under the LAD022189 policy. (Id. at 5; Ex. 4.) Defendant argues that it is from this date that the Court should

5

1  calculate the statute of limitations as this was an unequivocal
2  denial of benefits.  (Id. 6-7; Reply at 4-7.)
3       Plaintiff argues first that the evidence attached to
4  Defendant's Motion should be ignored because it would convert the
5  Motion into one for summary judgment before Plaintiff had an
6  opportunity for discovery.  (Opp'n at 6-8.)  Defendant further
7  argues that the evidence that the statute of limitations has run —
8  evidence from outside the pleadings — does not actually demonstrate
9  the date from which the Court should calculate the statute of
10 limitations.  (Id. at 8-9.)  Plaintiff argues that the facts as
11 pled in the Complaint support his causes of action as having a
12 legal basis and being timely; therefore, the Court should deny the
13 Motion to Dismiss and/or Strike.  (Id. at 9-11.)
14      Plaintiff argues that the March 4, 2011, letter was the
15 initial decision by Defendant on Plaintiff's claim for total
16 disability benefits, and that Plaintiff and Defendant continued to
17 discuss Plaintiff's eligibility over time.  (Id. at 7-8.)
18 Plaintiff states that his benefits claim was unequivocally denied
19 in a July 6, 2015, phone call.  (Id. at 7.)  Plaintiff maintains
20 that many documents were sent and discussions took place during the
21 time after Plaintiff submitted his claim for benefits and before
22 the July 6, 2015, phone call.  (Id. at 7-9.)
23      In Reply, Defendants maintain that the breach of contract
24 claim should be dismissed based on the March 4, 2011, letter.
25 (Reply at 4-7.)  Even if the Court does not use the March 4, 2011,
26 date, Defendant argues that the Complaint only alleges November 1,
27 2012, as a date when Defendant denied payment of the benefits.
28 (Id. at 7-8 (citing Compl. ¶ 28).)  Thus, Defendant argues, the

cause of action for breach of implied covenant of good faith and fair dealing is barred because there is a two year statute of limitations for that cause of action. (Id.)

### A. Statute of Limitations

Plaintiff alleges causes of action for breach of contract and breach of the covenant of good faith and fair dealing, both under California substantive law. California has a four year statute of limitations period for breach of contract. Cal. Code Civ. Proc. § 337(1). Defendant argues that claims for breach of the implied covenant of good faith and fair dealing have a two year statute of limitations. (Mot. Dismiss at 8 (citing Cal. Code Civ. Proc. § 339(1); Smyth v. USAA Prop. & Cas. Ins. Co., 5 Cal. App. 4th 1470, 1477 (1992).) However, this cause of action can sound in either tort or contract, with the statute of limitations varying depending on which theory of the case the plaintiff alleges, and what facts are alleged and rights sued upon. Smyth, 5 Cal. App. 4th at 1476-78; Frazier v. Metro. Life Ins. Co., 169 Cal. App. 3d 90, 100-05 (1985). Thus, there could be either a two year or a four year statute of limitation for Plaintiff's breach of implied covenant of good faith and fair dealing claim.

### B. Matters Outside the Pleadings

The Court notes initially that both parties have introduced evidence from outside the pleadings in making their respective arguments regarding the statute of limitations. Defendants would have the Court consider three exhibits from outside Plaintiff's Complaint; Plaintiff would have the Court consider facts alleged in Plaintiff's counsel's declaration that are not alleged in Plaintiff's Complaint either. None of these considerations are

1 properly before the Court, although they are important to determine
2 the statute of limitations matters.

### C. Sufficiency of Complaint

The parties contest the meaning of certain language in the insurance policy contracts and in the communications between the parties during the claim denial period. The factual record upon which these arguments rely has not been developed at this pleading stage. All of these considerations point to the importance of discovery and, potentially, a motion for summary judgment.

Plaintiff's Complaint alleges sufficient facts to support his claims and the legal basis for those claims, as well as facts that would demonstrate he met the applicable statute of limitations, although Defendant contests that with evidence and argument from outside the pleadings. As the evidence that Defendant relies on is neither in the pleadings nor subject to only one interpretation, much less judicial notice, the Court cannot decide the statute of limitations on the record before it. In fact, the main case Defendant relies on, <u>Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan</u>, 749 F.3d 746 (9th Cir. 2014), was a case deciding the contested statute of limitations issue on a motion for summary judgment. The facts as pled are sufficient to survive this Motion; therefore, Defendant's Motion is denied.

//
//
//
//
//
//

8

**IV. CONCLUSION**

    For all the reasons discussed above, the Court DENIES Defendant's Motion to Dismiss and/or Strike Plaintiff's Complaint.

IT IS SO ORDERED.

Dated: February 4, 2016

                                        DEAN D. PREGERSON
                                        United States District Judge